■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GLOVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered November 21, 1980, convicting him of murder in the second degree (four counts), attempted murder in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant first contends that it was reversible error for the trial court to deny his request to proceed *pro se.* We do not agree. As defendant concedes, his constitutional right to represent himself at trial (see *Faretta v California,* 422 US 806) is subject to certain restrictions (see *People v McIntyre,* 36 NY2d 10, 17). One of these restrictions is that "the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre, supra,* p 17). The record in the present case makes clear that defendant's conduct preceding his request was not in conformity with this restriction. Before defendant asked to proceed *pro se,* he had impugned the integrity of the transcript that would be made of the trial and, after describing the court as being "very prejudiced", moved to have the court disqualify itself on the basis of that prejudice. In neither case was there a basis for his comments. Thereafter defendant described himself as being "railroad[ed]" by a biased Judge before whom he declined to be tried — again there was no support in the record for his statements of bias or mistreatment. When the Trial Judge indicated that the trial would, nonetheless, begin, defendant posed the *pro se* request as a threat: "If you do [begin the trial], I will go *pro se.*" When the court said, "listen to me", defendant said, "I am going *pro se.*" Thus,

the subject motion not only followed upon disruptive and baseless conduct by the defendant, but the manner in which the motion was posed belies the sincerity or integrity of the defendant. In these circumstances, defendant has forfeited his right to proceed *pro se* (see *People v McIntyre, supra,* p 18). We have examined defendant's remaining contentions and find them also to be without merit. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.