■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN TAYLOR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered May 7, 1981, convicting him of robbery in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and new trial ordered. ¶ A defendant has a constitutional right to represent himself at trial provided, *inter alia,* that he does not engage in behavior which interferes with the fair and orderly conduct of the trial *(People v McIntyre,* 36 NY2d 10, 17). Herein, defendant, prior to opening remarks, asked the court for permission to represent himself. Defendant explained that he had difficulty working with his assigned counsel and asked that counsel be relieved. Defense counsel also requested to be relieved from the case in view of the differences which had arisen between himself and defendant. The court granted defendant's application to proceed *pro se* but directed that defense counsel remain in court to assist defendant, if necessary. At that point, defendant sought an adjournment to permit him an opportunity to prepare his case. This request was denied. ¶ When the jury convened, defendant began his opening remarks by stating that he was under "a mental strain". The prosecutor's objection to this remark was sustained and defendant was instructed to limit himself to "a proper opening statement". At that point, defendant again asked for an adjournment. Before ruling on defendant's request the court excused the jury and admonished defendant for acting in bad faith. The court thereupon reversed its prior ruling, denied defendant's application to proceed *pro se,* and reinstated defense counsel to represent defendant, over counsel's objection. ¶ We find that the trial court erred in refusing to permit defendant to proceed *pro se.* While defendant's opening remarks were improper, there is no indication in the record that he was acting in bad faith or that he was seeking to interfere with the fair and orderly conduct of the trial *(People v Pippin,* 67 AD2d 413; cf. *People v Glover,* 90 AD2d 776; *People v Krom,* 91 AD2d 39). Mangano, J. P., Bracken, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY VINSON, Appellant. — Judgment of the Supreme Court, Kings County (Donnelly, J.), rendered January 7, 1982, affirmed. ¶ The claimed error with respect to the charge has not been preserved for review as a matter of law. We decline to exercise our interest of justice jurisdiction, in light of the overwhelming proof of guilt. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY C. WILLIAMS, Appellant. — Judgment of the County Court, Suffolk County (Mallon, J.), rendered October 12, 1983, affirmed. No opinion. ¶ This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.