■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROSE, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Queens County (Lonschein, J.), both rendered March 22, 1982, convicting him of attempted burglary in the second degree and burglary in the third degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

Under the circumstances, the police officer had reasonable suspicion to stop defendant and could use his gun to bring him to a safer location (*People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). We have examined defendant's other contentions and find them to be without merit. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SCOTT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered January 17, 1983, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence upon him as a second felony offender.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN TAYLOR, Appellant. — Reargument of an appeal from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered May 7, 1981, which was determined by order of this court dated June 18, 1984 (*People v Taylor,* 102 AD2d 877). By order dated September 11, 1984, this court granted the motion of the People for reargument to the extent that the parties were directed to serve and file briefs on the issue of the propriety of the denial by the Trial Justice of the defendant's motion for leave to proceed *pro se.*

Upon reargument, the original determination is adhered to. Mangano, J. P., Bracken, O'Connor and Niehoff, JJ., concur.