■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT IGNERI, Also Known as ROBERT RUSSO, Also Known as ROBERT STARR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.),

rendered July 19, 1983, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We agree with the hearing court that the defendant's statements following his arrest were voluntarily made and, therefore, admissible even though the defendant was represented by counsel on a pending unrelated charge.

It is well settled that "[k]nowledge that one in custody is represented by counsel, albeit on a separate, unrelated charge, precludes interrogation in the absence of counsel and renders ineffective any purported waiver of the assistance of counsel when such waiver occurs out of the presence of the attorney" *(People v Bartolomeo,* 53 NY2d 225, 231; *People v Rogers,* 48 NY2d 167).

However, in the instant case, no police interrogation occurred so that the defendant's right to counsel was not violated *(see, People v Sobolof,* 109 AD2d 903, 904). Rather, the defendant asked to speak with Agent Sweeney and, without any inducement or encouragement, confessed to the murders. Volunteered statements are admissible provided that the defendant speaks with genuine spontaneity and not as a result of " 'inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " *(People v Sobolof, supra,* at 904-905, quoting *People v Maerling,* 46 NY2d 289, 302-303). The defendant's mere presence among police officers, who were performing routine police functions, does not lead to the inexorable conclusion that his will was thereby overborne.

Given the defendant's criminal history and the gravity of the offense we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.