■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ISSIS LANE, Respondent.—Order Supreme Court, New York County (Murray Mogel, J.), entered on or about January 31, 1992, which granted the defendant's omnibus suppression motion and dismissed the indictment, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, insofar as to reinstate counts one, two, three and four of indictment numbered 6977/91, which, respectively, charge the defendant with assault in the second degree (Penal Law § 120.05 [3]), assault in the third degree (Penal Law § 120.00 [1]), assault in the third degree (Penal Law § 120.00 [2]) and obstructing governmental administration (Penal Law § 195.05).

The defendant, who initially came to the attention of the police because of her involvement in an altercation with another woman at the Port Authority Bus Terminal in Man-

hattan, was arrested after a crack pipe containing crack residue was found in her jacket pocket. The record shows that when the handcuffs were removed from the defendant after she was transported to the Port Authority Precinct she became verbally and physically abusive. Before she could be subdued she severely scratched the face of a police officer standing by the officer who removed the handcuffs.

The Grand Jury testimony offered by the People sufficiently demonstrates that the injured officer was on duty standing by to assist the precinct officer whose assignment it was to process the defendant. In addition, the evidence demonstrates that the defendant intended to injure the standby officer when she attacked him and severely clawed his face. This much is conceded by the defendant on appeal, wherein she states that based on the People's evidence she was properly chargeable only with third degree assault, as her actions were motivated solely by an intent to injure as opposed to an intent to interfere with the officer's performance of his duty. Indeed it is defendant's position that the injured officer was not actively performing any lawful duty when he was attacked.

While we agree that defendant was properly charged with the third degree assault counts in any event, we also find that the evidence supports the charges of second degree assault and obstruction, in that it sufficiently demonstrates that defendant intended to prevent the standby officer from assisting in the processing procedure when she attacked him. It has been stated that "under both section 195.05 and subdivision 3 of section 120.05 of [the Penal L]aw a police officer or peace officer is protected in the performance of an official function of whatever kind" *(People v Coffaro,* 52 NY2d 932, 934).

Furthermore, without passing on whether defendant's arrest was lawful or unlawful, we find that the defendant's actions at the precinct were independent, remote and completely attenuated from the arrest so that the attack could not be viewed in any way as a reaction to or caused by an unlawful arrest *(see, People v Townes,* 41 NY2d 97). We need not pass on the drug possession count as the People do not seek reinstatement of that count on this appeal. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.