■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHON HOLLOWAY, Appellant. [691 NYS2d 583] —Graffeo, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 16, 1996, upon a verdict convicting defendant of the crimes of assault in the second degree and harassment in the second degree.

In January 1996, a correction officer at the Schenectady County Jail was directed to move defendant, an inmate, to a different floor due to safety concerns. However, as he began to escort defendant to the third floor, another inmate engaged him in a conversation, after which the officer concluded that the third floor would not be safe. Therefore, the officer decided to move defendant to the fourth floor. After arriving at the fourth floor, the officer heard glass shatter and noticed defendant standing underneath a broken ceiling fixture. Upon being asked by the officer the reason for breaking the light, defendant replied that he "wasn't staying on that dirty tier". The officer thereafter escorted defendant to the special housing unit based on his destruction of the light fixture, which the officer considered to be a violation of the facility's rules. When defendant refused to enter the special housing cell as ordered, the officer requested assistance. Another officer, William Menzies, arrived shortly thereafter and also ordered defendant to enter the cell. Menzies placed his hand on defendant's shoulder after defendant repeatedly refused to follow the instructions which prompted defendant to begin swinging his arms wildly and kicking the officers. As a result of this incident, Menzies sustained an injury to his arm and was diagnosed with crepitus

by the facility's nurse. Due to the severity of the pain, Menzies went to the emergency room the next day where he was given a prescription for painkillers, provided a sling to immobilize his arm and shoulder, and directed not to use his arm for four to five days. For months after the incident, Menzies had difficulty sleeping as a result of the pain in his arm and shoulder and was limited to doing sedentary work.

Defendant was charged with assault in the second degree pursuant to Penal Law § 120.05 (3) and harassment in the second degree under Penal Law § 240.26. At the conclusion of trial, the jury found defendant guilty of both charges and he was sentenced to 3½ to 7 years for the assault charge and 15 days for the harassment charge, which sentences were to run consecutively to his previously imposed sentence. Defendant now appeals.

Defendant's contention that the injured officer was not a "peace officer" or "police officer" within the meaning of Penal Law § 120.05 (3) is based on the proposition that the Schenectady County Jail was not a "penal correctional institution" (see, Correction Law § 40 [2], [3]; CPL 2.10 [25]). We disagree and concur with the Fourth Department's holding that the term "penal correctional institution" is sufficiently broad to include county jails and that correction officers at such facilities are "peace officers" within the meaning of Penal Law § 120.05 (3) (see, People v Velasquez, 202 AD2d 1037, 1038, lv denied 84 NY2d 940).

We also reject defendant's claim that County Court erred in refusing to permit him to call a certain witness at trial. It is well settled that trial courts have the discretion to refuse to admit extrinsic evidence that is merely "collateral" or that affects only the credibility of a witness (see, People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846). Here, defendant contends that he was entitled to call the inmate who allegedly influenced the first officer to move defendant to the fourth floor rather than the third floor, in order to demonstrate that the conversation between the officer and the inmate did not occur and hence, the officers were not engaged in a "lawful duty" within the meaning of Penal Law § 120.05 (3). Significantly, defendant has not challenged the officer's decision to move him to the third floor; rather, he merely contends that the officer was not justified in selecting the fourth floor. Defendant does not refute that the decision to change his cell was lawful and there is no evidence in the record suggesting that this decision constituted harassment or an unlawful act. Moreover, irrespective of whether the other inmate actually

informed the officer of a problem, the act of relocating defendant did not render Menzies' conduct unlawful. At the time of the attack, Menzies was merely assisting another officer in directing an inmate to a cell, clearly a lawful act. Hence, defendant's action in attacking Menzies was independent and separate from the decision to move defendant to another floor (cf., *People v Lane*, 190 AD2d 604, *lv denied* 81 NY2d 1015).

Lastly, it is clear that Menzies sustained "physical injury" within the meaning of Penal Law § 120.05 (3). The record reveals that Menzies was diagnosed with crepitus in his arm and shoulder which prompted a prescription for painkillers. His testimony indicated that he was also caused to lose sleep and suffered from substantial pain in the arm and shoulder for months after the incident (*see*, Penal Law § 10.00 [9]). Under these circumstances, we conclude that there was a sufficient basis for the jury to conclude that Menzies had suffered "physical injury" within the meaning of Penal Law § 120.05 (3) (*see*, *People v Cancer*, 232 AD2d 875, *lv denied* 89 NY2d 984; *People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886; *People v Fortuna*, 188 AD2d 683, *lv denied* 81 NY2d 839).

We have considered the remaining contentions of defendant and have found them to be lacking in merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.