10-1555-cr
United States v. Murph

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand and eleven.

PRESENT:

JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

     *Appellee,*

     -v.-                                   No. 10-1555-cr

PHILLIP MURPH,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANT:** | THOMAS F. LIOTTI, Law Offices of Thomas F. Liotti, Garden City, NY. |
| **For APPELLEE:** | CHARLES N. ROSE, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*; David C. James, *of counsel*), Brooklyn, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is AFFIRMED, the sentence is VACATED, and the cause is REMANDED to the District Court solely for the reasons stated below.

Defendant-appellant Phillip Murph appeals from the District Court's judgment of conviction and sentence. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

This appeal arises out of Murph's conviction at trial[1] on charges of attempting to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and 18 U.S.C. § 2 ("Count Three"), and conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II) ("Count Four").

On appeal, Murph argues that the judgment of conviction should be overturned for seven reasons: (1) he was denied a fair trial due to prosecutorial misconduct, vindictive prosecution, and selective prosecution; (2) the verdict in his case was based on legally insufficient evidence and the government constructively amended the indictment in its trial summation; (3) the District Court erred by holding portions of Murph's proffer statements admissible at trial, in reliance upon *United States v. Barrow*, 400 F.3d 109 (2d Cir. 2005); (4) he received ineffective assistance from his first trial attorney; (5) the District Court abused its discretion at sentencing by misstating the statutory maximum punishment as to one count of conviction, failing to specify the names of the alleged co-conspirators upon whose

---

[1] Murph's first trial ended in a mistrial, and he was promptly retried and convicted. Although this appeal arises out of the judgment entered after the second trial, Murph's several assignments of error derive from both the first and second trials.

participation in the alleged scheme a sentencing enhancement was based, and including clerical errors in the written judgment; (6) the government violated its duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose potentially exculpatory evidence when it failed to turn over to the defense proffer statements allegedly made by Murph's brother-in-law; and (7) Murph's rights to speedy presentment of his case before a grand jury and to a speedy trial were violated when the government did not seek indictment until 88 days after his arrest.

In a supplemental *pro se* submission, Murph raises five additional points: (1) the imposition of separate $100 special assessments on each of the two counts of conviction violated his right to be free from double jeopardy and that his conviction on Count Three should be vacated as a result; (2) the government failed to timely disclose the names of Murph's alleged co-conspirators; (3) Count Four of the indictment should have specified the exact quantity of cocaine with which Murph was charged; (4) the government violated its *Brady* obligations by failing to disclose an allegedly exculpatory statement made by Murph's brother-in-law during a proffer session (essentially a restatement of the *Brady* claim in his counseled brief); and (5) the written judgment contained an error in the drug quantity charged in Count Three—namely, that the judgment incorrectly stated that the quantity of cocaine charged was 500 grams, rather than 200 grams—thereby rendering his conviction on Count Three illegal.

DISCUSSION

A.     *Prosecutorial Misconduct and Improper Prosecution*

Murph alleges that the prosecutor in charge of his case engaged in misconduct throughout the proceedings in the District Court, which caused him to be subjected to either (or both) vindictive or selective prosecution.[2]  We disagree.

To succeed on an allegation of selective prosecution, Murph must show both that the decision

---

[2] To the extent Murph argues that the prosecutor's alleged misconduct caused or contributed to any of his other assignments of error on appeal, his argument is meritless because, as we explain below, we find no reversible error or illegality in his conviction.

3

to prosecute him was based on his race, religion, or the desire to prevent him from exercising his constitutional rights, *and* that other similarly situated individuals suspected of conduct of a similar type have not been prosecuted. *See United States v. Armstrong*, 517 U.S. 456, 464–65 (1996). In order to establish a vindictive prosecution claim, Murph must show that "(1) the prosecutor harbored genuine animus toward [him] . . . and (2) [he] would not have been prosecuted except for the animus." *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000) (internal quotation marks and citation omitted).[3]

Murph's claims with regard to both allegations fail at their second stages. With regard to his selective prosecution claim, he cannot show that other similarly situated individuals were not prosecuted—indeed, the prosecution of his co-conspirators proves otherwise. With regard to his vindictive prosecution claim, he cannot show that the prosecutor's alleged animus was the only motivating factor behind the government's decision to bring a prosecution based on an investigation that was at least several months in the making (and that began several months before any specific animus-driven action is alleged).

Although we do not condone the inadequate investigative work of the prosecutor, her actions simply do not rise to the level of either vindictive or selective prosecution. This ground for appeal is meritless.

B.      *Sufficiency of the Evidence*

Murph argues that the evidence presented to the jury did not support a verdict of guilty, especially given his claim that some of the most damaging evidence was wrongly admitted. In reviewing a claim of insufficient evidence to sustain a jury verdict, we view the evidence "in the light most favorable to the prosecution," asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We

---

[3] Murph's arrest and prosecution do not give rise to a presumption of vindictiveness. *See, e.g.*, *Blackledge v. Perry*, 417 U.S. 21, 28–29 (1974) (holding that a presumption of vindictiveness arises when a prosecutor indicts a defendant on a felony charge following that defendant's appeal of a misdemeanor conviction). Murph must therefore show actual vindictiveness as described in *Sanders*. *See United States v. Koh*, 199 F.3d 632, 640 (2d Cir. 1999).

consider all evidence admitted at trial, whether properly admitted or not. *See McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010); *United States v. Hardwick*, 523 F.3d 94, 101 (2d Cir. 2008).

At trial, the government presented numerous phone conversations between Murph and his co-conspirators in which they discussed their activities in the drug trade. Murph argues that, because some of the conversations were in code, the jury could not rationally have believed that they referred to drug trafficking. However, both Agent Fitzpatrick and Omar Mims, one of Murph's alleged co-conspirators, testified to the true meaning of the coded conversations.[4] The government also presented evidence that Murph had provided the means for at least one shipment of cocaine to be transported by truck from Texas to New York City. In view of the strong weight of the government's evidence, we cannot say that no rational trier of fact could have found that Murph was guilty beyond a reasonable doubt.

C.     *The Proffer Statements*

Murph claims that the District Court erred by determining that certain statements made during a proffer session would be admissible if he sought to elicit contradictory facts from a proposed government witness. A defendant's statements made pursuant to a proffer agreement are generally not admissible in court. However, such statements become admissible when required to "fairly rebut" a "factual assertion" elicited by the defendant that would "cast[] doubt on the truthfulness of factual assertions advanced, whether directly or implicitly, by an adversary." *United States v. Barrow*, 400 F.3d 109, 119–121 (2d Cir. 2005). We review the District Court's admission of proffer statements for abuse of discretion. *Id.* at 117; *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion" as including errors of law).

Murph argues that our holding in *United States v. Oluwanisola*, 605 F.3d 124 (2d Cir. 2010), modified our holding in *Barrow*. Murph claims that, "according to *Oluwanisola*, a defense attorney should

---

[4] Of course, the evidence that Murph describes as "third-party hearsay"—which consisted almost entirely of co-conspirator statements—was admissible under Federal Rule of Evidence 801(d)(2)(E), which exempts such statements from the hearsay rule.

5

be permitted to make factual assertions that contradict what the defendant said at his proffer session." This is not the law. Although a defendant is free to argue that the prosecution has not met its burden of proof as to specific elements of the charged crime, *see id.* at 131–32, or to challenge in general terms the credibility of a prosecution witness, *id.* at 133, he is not free to elicit facts that directly contradict statements that he made in his proffer session. *See id.* at 132–33. Any attempt to elicit such facts runs a strong risk of opening the door to the admission of the proffer statements. *See Barrow*, 400 F.3d at 118–19.

Murph did not seek to "simply challenge[] the sufficiency of government proof," *Oluwanisola*, 605 F.3d at 131 (internal quotation marks omitted), or to ask questions "that go[] to the credibility of the government's witness," *id.* at 133. Rather, the questions Murph would have sought to ask the prosecution witness would have been calculated to elicit facts directly contradicting the statements made by Murph during his proffer session. In these circumstances, the District Court did not abuse its discretion by warning Murph that, by putting forward his alternate factual theory in the course of examining the witness, he would open the door to the admission of his proffer statements. *Id.* at 132–33.

D.      *Voluntary Remand*

Murph argues that the written judgment contains several errors, which are primarily clerical matters. First, the judgment refers to a prior felony conviction that should not have appeared in the judgment. The government has agreed to a remand to the District Court for the entry of a corrected judgment striking the references to a prior felony conviction.[5] In addition, the written judgment should indicate a quantity of "200 grams," rather than "500 grams," for Count Three. Finally, the written judgment erroneously states that the terms of supervised release imposed by the court should run

---

[5] To the extent that Murph argues that this clerical error had any effect on his sentence, his argument is meritless and we reject it. The government, knowing that the existence of the prior felony was disputed, admits that it did not seek to sentence Murph based upon the prior felony, and Murph's sentence was within the correct statutory range.

consecutively.  As noted by Murph (and conceded by the government), the District Court at sentencing held that the supervised release terms should be served concurrently, but consecutive to any period of incarceration or additional supervised release imposed because of Murph's violation of his supervised release on the prior felony.  The government has agreed to a remand so that the written judgment can be amended.[6] *See United States v. Jacques*, 321 F.3d 255, 263 (2d Cir. 2003).

The government has also agreed that we should remand the case to the District Court in order to permit the court to make specific factual findings as to the identities of at least four of Murph's co-conspirators.[7]  Although the government contends that such a correction does not require us to vacate the sentence, we disagree.  We will remand for resentencing solely for the purpose of permitting the District Court to complete the record as to the identities of Murph's co-conspirators and to determine whether the four-level managerial role enhancement remains appropriate.

E.      *Other Arguments*

We have considered all of the arguments raised in Murph's supplemental *pro se* brief, as well as the remainder of the arguments made in his counseled submissions not explicitly addressed above.  With the exception of his ineffective assistance of counsel claim,[8] we find his remaining claims to be without merit.

CONCLUSION

We have examined the arguments made by Murph in both his *pro se* and his counseled submissions and find them to be without merit.  We hereby AFFIRM the judgment of conviction, VACATE the sentencing portion of the April 5, 2010 judgment of the District Court, and REMAND

---

[6] The remainder of the errors Murph claims occurred during the sentencing process are meritless.

[7] At sentencing, the District Court found that Murph had organized the activities of individuals in a criminal conspiracy involving at least five participants (including himself).  This finding was the basis of a four-level managerial role enhancement pursuant to U.S.S.G. § 3B1.1(a).  However, the court did not make specific findings as to the names of the co-conspirators.

[8] Because the record is insufficiently developed to allow us to resolve Murph's ineffective assistance claim, we decline to hear it on direct review.  *See United States v. Brown*, 623 F.3d 104, 112–13 (2d Cir. 2010).

the cause solely for a limited resentencing proceeding. Upon resentencing, the District Court shall make specific findings as to the identities of the four co-conspirators whose participation in the conspiracy the court considered in enhancing Murph's sentence under U.S.S.G. § 3B1.1(a). Once the District Court has made the required factual findings, it shall determine whether the four-level managerial role enhancement should be reimposed, and resentence the defendant accordingly.

On remand, the Clerk of the Eastern District of New York shall also amend the written judgment to (a) omit all references to Murph's prior felony conviction, (b) change the number "500 grams" to "200 grams" for Count Three only, and (c) reflect the District Court's imposition of *concurrent* terms of supervised release on Counts Three and Four, to be served consecutively to any term of imprisonment or supervised release imposed upon him for the violation of his supervised release in the prior felony.

We remand in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Either party may restore jurisdiction to this Court to consider whatever arguments remain or arise relating to Murph's resentencing by sending a letter to the Clerk of this Court within 14 days of the District Court's decision. Any such proceedings will be assigned to this panel.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

8