██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ANDERSON, Appellant. [942 NYS2d 561]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 7, 2009, convicting him of robbery in the second degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical and identification evidence and his statements to law enforcement officers.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence on the grounds that the police officers did not have reasonable suspicion to stop and detain him and that he did not abandon his property. The evidence at the suppression hearing established that the officers had reasonable suspicion based upon information they received regarding an attempted burglary and their observations of the defendant in close spatial and temporal proximity to the crime scene, his furtive conduct in tossing a knapsack he was carrying as the officers' patrol car approached, and his response, "What bag?" when the officers pulled alongside and asked why he had tossed the knapsack. Under the totality of the circumstances, the officers acted reasonably in alighting from their vehicle and detaining the defendant (*see*

*People v Martinez,* 80 NY2d 444, 446-447 [1992]; *People v Holl-man,* 79 NY2d 181, 184 [1992]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Martinez,* 17 AD3d 606, 606-607 [2005]; *People v Warren,* 276 AD2d 505, 505-506 [2000]). Contrary to the defendant's contention, his act of tossing the knapsack was not precipitated by unlawful police conduct. Rather, the evidence established that he voluntarily and intentionally abandoned the property and thereby waived his expectation of privacy in it (*see People v Ramirez-Portoreal,* 88 NY2d 99, 110 [1996]; *People v Caba,* 78 AD3d 857, 858 [2010]; *People v Jenkins,* 66 AD3d 800 [2009]; *People v Amuso,* 44 AD3d 781, 783 [2007]; *cf. People v Howard,* 50 NY2d 583, 593 [1980], *cert denied* 449 US 1023 [1980]). Upon recovery and search of the knapsack by one of the officers, it was found to contain a crack pipe, and the defendant spontaneously remarked that he had smoked crack cocaine from the pipe the day before. At that point, the officers had probable cause to arrest him (*see People v Martinez,* 80 NY2d at 448-449; *People v Hollman,* 79 NY2d at 185; *People v De Bour,* 40 NY2d at 223).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification testimony as allegedly tainted by unduly suggestive pretrial identification procedures. During a lineup, the defendant held his head down to prevent the complainant from seeing his face. At that point, the police properly conducted a photo array identification procedure, which was necessitated by the defendant's misconduct (*cf. People v Perkins,* 15 NY3d 200, 205 [2010]). Nothing in the record supports the defendant's contention that the complainant's identification of his picture in the photo array was tainted by the aborted lineup. The People satisfied their initial burden of establishing that the lineup and photo array identification procedures were properly conducted, and the defendant failed to meet his ultimate burden of establishing that either procedure was unduly suggestive (*see People v Chipp,* 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]; *People v Seymour,* 77 AD3d 976, 978 [2010]).

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officers. Two of the defendant's statements were made in response to the officers' questions during their performance of "routine police functions" (*People v Igneri,* 152 AD2d 638, 639 [1989]), and the rest of the statements were made "with genuine spontaneity and not [as] the result of inducement, provocation, encouragement or acquiescence" (*People v Rivers,* 56 NY2d 476, 479 [1982] [internal quotation

marks omitted]; *see People v Tyrell*, 67 AD3d 827, 828 [2009]). Since the police conduct could not "reasonably have been anticipated to evoke a declaration from the defendant" (*People v Sobolof*, 109 AD2d 903, 905 [1985] [internal quotation marks omitted]; *see People v Lynes*, 49 NY2d 286, 295 [1980]), the defendant's statements to the police were not the result of custodial interrogation.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in permitting him to represent himself is without merit. To ensure that the defendant's waiver of the right to counsel in favor of self-representation is knowing, voluntary, and intelligent, the trial court must undertake a " 'searching inquiry' . . . aimed at insuring that the defendant 'was aware of the dangers and disadvantages of proceeding without counsel' " (*People v Providence*, 2 NY3d 579, 582 [2004], quoting *People v Slaughter*, 78 NY2d 485, 492 [1991]; *see People v Vivenzio*, 62 NY2d 775, 776 [1984]). Contrary to the defendant's contention, his waiver was not ineffective for lack of inquiry into specific factors such as his education or experience in the law (*see People v Providence*, 2 NY3d at 583; *cf. People v Arroyo*, 98 NY2d 101, 104 [2002]). The Court of Appeals has "eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry"; "the whole record, not simply . . . the waiver colloquy" must provide a "reliable basis for appellate review" (*People v Providence*, 2 NY3d at 583 [internal quotation marks omitted]). Here, the trial court noted the defendant's significant personal experience with the criminal justice system and had numerous opportunities to see and hear the defendant firsthand, and, thus, "had general knowledge of defendant's age, literacy and familiarity with the criminal justice system" (*id*. at 583-584). Further, "nothing in the lengthy colloquies in this record calls into question [the] defendant's ability to understand the trial judge's detailed warnings regarding self-representation" (*id*. at

584; *see People v Arroyo*, 98 NY2d at 104; *People v Vivenzio*, 62 NY2d at 776). Accordingly, the record, as a whole, demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se.

At the persistent felony offender hearing, the defendant walked out of the courtroom when the court denied his request for an adjournment, leaving the court no choice but to appoint an attorney so that the hearing could proceed. By refusing to abide by the court's ruling and engaging "in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]), the defendant forfeited his right to proceed pro se. Accordingly, the court properly denied his request, in effect, to represent himself at the persistent felony offender hearing and at sentencing (*see People v Arroyo*, 98 NY2d at 103; *People v Kennedy*, 25 AD3d 567, 568 [2006]; *People v Glover*, 90 AD2d 776, 777 [1982]).

The defendant's contention that the prosecution failed to establish his status as a persistent felony offender is without merit. A persistent felony offender is a person "who stands convicted of a felony after having previously been convicted of two or more felonies" (Penal Law § 70.10 [1] [a]). Any such "previous felony" must be one for which "a sentence to a term of imprisonment in excess of one year . . . was imposed," and the defendant must have been "imprisoned under sentence for such conviction prior to the commission of the present felony" (Penal Law § 70.10 [1] [b] [i], [ii]). Contrary to the defendant's contention, the definition of a "previous felony conviction" under Penal Law § 70.10 (1) is not the same as the definition of a "predicate felony conviction" under Penal Law § 70.06 (1) (b). Here, the People met their burden of proving beyond a reasonable doubt that the defendant had two "previous felony convictions" to establish his status as a persistent felony offender (*see* CPL 400.20 [5]; *People v Ramos*, 45 AD3d 702, 703 [2007]; *People v Smith*, 232 AD2d 586 [1996]). In addition, the court providently exercised its discretion in finding that "the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1]; *see People v Ramos*, 45 AD3d at 703; *People v Perry*, 19 AD3d 619 [2005]; *People v Maraia*, 292 AD2d 635, 636 [2002]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of

ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Hall, JJ., concur.