[996 NYS2d 462]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHER QURESHI, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, September 22, 2014

**APPEARANCES OF COUNSEL**

*Charles E. Holster III*, Mineola, for appellant.

*Kathleen M. Rice, District Attorney*, Mineola (*Tammy J. Smiley, Cristin N. Connell* and *Ezra E. Zonana* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgments of conviction are affirmed.

Defendant was initially charged in an information with disorderly conduct (Penal Law § 240.20 [5]) and resisting arrest (Penal Law § 205.30). Later that day, defendant was charged in a separate accusatory instrument with obstructing governmental administration in the second degree (Penal Law § 195.05), and he was subsequently charged with two counts of stalking in the fourth degree (Penal Law § 120.45 [1], [3]).

Following a jury trial, defendant was convicted of disorderly conduct, resisting arrest and obstructing governmental administration in the second degree, and acquitted of the stalking charges. Thereafter, the District Court granted defendant's motion to set aside the verdict finding him guilty of resisting arrest. Subsequently, two judgments were entered, convicting defendant of disorderly conduct and obstructing governmental administration in the second degree, respectively. On appeal, defendant argues that the accusatory instrument charging him with disorderly conduct was jurisdictionally defective; that the evidence supporting the conviction for obstructing governmental administration in the second degree was legally insufficient; that defendant's waiver of his right to counsel was not knowing and voluntary; and that the court committed reversible error in allowing defendant to remain shackled in front of the jury.

In order to be facially sufficient, an information, together with any supporting deposition accompanying it or filed in connection therewith (CPL 100.20), must allege, among other things, nonhearsay facts of an evidentiary nature establishing, if true, every element of the offense charged and the defendant's commission thereof (CPL 100.15 [3]; 100.40 [1]; *see People v Kalin*, 12 NY3d 225, 228-229 [2009]; *People v Jones*, 9 NY3d 259, 261 [2007]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]). Giving the accusatory instrument charging defendant with disorderly conduct such a reading, we find that it is jurisdictionally sufficient.

Penal Law § 195.05 provides that "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference . . . ." Here, the ev-

idence adduced at trial established that, after he had been arrested for disorderly conduct, a violation, and resisting arrest, a misdemeanor, and after he had been transported to the precinct for arrest processing, defendant physically prevented the arresting officers from fingerprinting him. Defendant argues that the People failed to establish that fingerprinting, under these circumstances, was an "official function," in that the People failed to demonstrate that the underlying arrest was authorized.

"[P]olice officers have a statutory obligation to take fingerprints and to submit them to the proper agency" (*People v Johnson*, 168 AD2d 700, 700 [1990]; CPL 160.10, 160.20). Following an arrest where the offense charged is a misdemeanor, "the arresting or other appropriate police officer or agency must take or cause to be taken fingerprints of the arrested person or defendant" (CPL 160.10 [1] [b]). We find that defendant's successful attempt to avoid being fingerprinted at the precinct was "independent, remote and completely attenuated from the arrest" (*People v Lane*, 190 AD2d 604, 605 [1993]). Therefore, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the People established that defendant had prevented the police officers from performing an "official function," regardless of whether the underlying arrest was authorized.

■ While a defendant has a right to self-representation (CPL 170.10 [6]), a court must conduct a searching inquiry to be reasonably assured that the defendant appreciates the dangers and disadvantages of giving up the fundamental right to counsel (*People v Arroyo*, 98 NY2d 101 [2002]; *People v Kaltenbach*, 60 NY2d 797 [1983]). Before permitting a defendant to proceed pro se, a court must be satisfied that the defendant's waiver of his or her constitutional right to counsel is knowing, voluntary and intelligent (*see People v Crampe*, 17 NY3d 469, 481 [2011]). The Court of Appeals has "consistently refrained from creating a catechism for this inquiry, recognizing that it 'may occur in a nonformalistic, flexible manner' " (*People v Providence*, 2 NY3d 579, 580 [2004], quoting *People v Smith*, 92 NY2d 516, 520 [1998]). Relevant factors bearing on this analysis include the defendant's age, education, occupation, and previous exposure to legal procedures (*see People v Crampe*, 17 NY3d at 482; *People v Biro*, 13 Misc 3d 131[A], 2006 NY Slip Op 51864[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). However, a waiver of the right to counsel is not necessarily "ineffective for lack of inquiry into specific factors such as [the defendant's] education

or experience in the law," as the court may look to the whole record, and not simply the questions asked and answers given during a waiver colloquy (*People v Anderson*, 94 AD3d 1010, 1012 [2012], citing *People v Providence*, 2 NY3d 579 [2004]). Applying these standards to the case at bar, we find that defendant effectively waived his right to be represented by counsel.

Here, prior to the commencement of the trial, the attorney who was representing defendant at the time informed the court of defendant's request to proceed pro se and the fact that defendant was highly educated, articulate and well-read. Moreover, the court was aware that defendant was familiar with court proceedings since he had recently been subjected to a jury trial on bail jumping charges. During that prior trial, defendant had been able to observe the jury selection process, the making of opening and closing statements, and the direct and cross-examination of witnesses. This experience gave defendant firsthand knowledge of what was involved in trying a criminal matter before a petit jury. In addition, the record in the case at bar reveals that defendant demonstrated a familiarity with the instant criminal proceedings. Defendant discussed his preparedness for trial with the court; drafted legal documents (including a subpoena); brought copies of documents to court; informed the court that he had sent an "application" to the Appellate Term and to the District Attorney's office; and requested a copy of his 911 phone calls to use as trial evidence. All of the foregoing is indicative of defendant's familiarity with the legal process.

From its interaction with defendant, the court had firsthand knowledge of defendant's literacy and familiarity with the legal process. Thus, the court, in addition to assessing the record as a whole, was also able to make a critical determination as to defendant's knowledge at the point in time when he sought to waive his right to counsel in this matter (*see People v Crampe*, 17 NY3d at 483). Moreover, the record establishes that the court warned defendant of the importance of having courtroom experience and advised defendant of the dangers and disadvantages of electing to appear pro se (*People v Crampe*, 17 NY3d at 481; *see also People v Providence*, 2 NY3d 579 [2004]).

In sum, the record contradicts defendant's contention that the trial court did not conduct a sufficiently searching inquiry. The colloquy conducted by the court, the information contained in the court's file, and the firsthand knowledge derived by the court from its interaction with defendant are sufficient to estab-

lish that the court obtained an effective waiver from defendant of his right to counsel.

■ Defendant's final argument is that the District Court committed reversible error in allowing defendant to appear before the jury in handcuffs. At the start of the trial, defendant, due to an earlier disagreement with the court, refused to respond to questions from the court or to otherwise actively participate in the proceedings. After a recess, when defendant returned to the courtroom in handcuffs, the court stated, "I'll entertain a request to have the cuffs removed," and then asked defendant if he had any requests. Defendant did not respond, the court did not order that the handcuffs be removed, and the jury was permitted to enter the courtroom. It was not until defendant expressed a desire to cross-examine the People's second witness, his ex-wife, that he requested that the handcuffs be removed and that the record reflect that he had been shackled in front of the jury up until that point. Under these circumstances, we find no merit to defendant's contention that, having been seen by the jury in handcuffs, he was deprived of a fair trial (*cf. People v Harper*, 47 NY2d 857 [1979]).

Accordingly, the judgments of conviction are affirmed.

IANNACCI, J.P., MARANO and TOLBERT, JJ., concur.