The People of the State of New York, Respondent,
against
Michael Cain, Appellant.




Law Offices of Richard L. Herzfeld, P.C. (Richard L. Herzfeld, Esq.), for appellant.
District Attorney Orange County (Robert H. Middlemiss, Esq.), for respondent.

Appeal from three judgments of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered January 12, 2015, as amended April 6, 2015. The judgments, as amended, convicted defendant, upon jury verdicts, of petit larceny, criminal mischief in the fourth degree, and obstructing governmental administration in the second degree, respectively.




ORDERED that the judgments of conviction, as amended, are affirmed.
At approximately 5:35 p.m. on August 5, 2014, defendant stole a book bag and a package of T-shirts from a Rite-Aid drugstore in the City of Middletown, Orange County. Defendant left the store and rode a bicycle to a parking lot at East Main Street and Railroad Avenue, while being pursued by two police officers. The officers confronted defendant in the parking lot. Defendant pushed his bicycle into the driver's side door of a marked police vehicle that had been driven by one of the officers, causing damage to the vehicle.
Defendant was originally charged, in separate accusatory instruments, with criminal mischief in the third degree (Penal Law § 145.05 [2], a class E felony), petit larceny (Penal Law § 155.25, a class A misdemeanor) and obstructing governmental administration in the second degree (Penal Law § 195.05, a class A misdemeanor), respectively. By order dated September [*2]18, 2014, the City Court (Steven W. Brockett, J.) reduced the felony charge of criminal mischief in the third degree to the class A misdemeanor of criminal mischief in the fourth degree (Penal Law § 145.00 [3]) in the interest of justice, on consent of the People. After a jury trial, at which defendant was permitted by the court to proceed pro se, defendant was convicted of the three charges. Defendant was sentenced to concurrent terms of incarceration of one year on the conviction of petit larceny, 90 days on the conviction of criminal mischief in the fourth degree, and 90 days on the conviction of obstructing governmental administration in the second degree.
Defendant raises two issues on appeal. First, he argues that the City Court erred in granting his request to represent himself at the jury trial, with the assistance of standby counsel. Second, he claims that the court prevented him from presenting evidence at trial to establish that a prosecutor had been vindictive in bringing the charges against him.
Before permitting a defendant to proceed pro se, a court must determine that a defendant's waiver of the right to counsel is made knowingly, voluntarily and intelligently. The court must engage in a searching inquiry aimed at insuring that the defendant is aware of the dangers and disadvantages of proceeding without counsel, and of the singular importance of a lawyer in the adversarial system of adjudication (see People v Crampe, 17 NY3d 469, 481-482 [2011]; People v McIntyre, 36 NY2d 10, 17 [1974]; People v Cole, 120 AD3d 72, 74 [2014]; People v Anderson, 94 AD3d 1010, 1012 [2012]). The defendant must not have engaged in conduct that would interfere with a fair and orderly trial (see People v Ryan, 82 NY2d 497, 507 [1993]; People v Eady, 301 AD2d 965, 966 [2003]). The reviewing court may "look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel" (People v Providence, 2 NY3d 579, 583 [2004]).
Here, defendant timely requested to proceed pro se before jury selection commenced. The court undertook the required searching inquiry, asking defendant a lengthy series of questions regarding his age, education, employment history, previous exposure to legal proceedings, and other relevant factors. The court repeatedly told defendant that there were risks inherent in proceeding pro se, and the downside of doing so (see People v Cruz, 131 AD3d 724, 727 [2015]). The court elicited that defendant was a high school graduate. Defendant had been tried twice on felony charges in the Orange County Court (see People v Qureshi, 45 Misc 3d 57, 60 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). The court noted that defendant had appeared before it in previous cases and had submitted legal documents in his own behalf. Defendant informed the court of his prior trials, stating that he "pretty much" knew the procedures. Defendant told the court that he had never received treatment for mental health problems or illnesses, or for any physical conditions that might affect his ability to understand the court proceedings. He was not taking any medication. The court engaged in lengthy questioning of, and discussion with, defendant as to whether he could proceed pro se. Thus, the record, as a whole, demonstrates that defendant knowingly, voluntarily and intelligently waived his right to counsel and to proceed pro se (see People v Anderson, 94 AD3d at 1013; cf. People v Poulos, 144 AD3d 1389 [2016]).
The fact that in his pro se opening statement, defendant, among other things, admitted that he had stolen a $15 backpack from the Rite-Aid store, but denied that he had committed the crimes of criminal mischief and obstructing governmental administration, is of no moment. "Once the defendant has refused the assistance of counsel, he may not be heard to complain later that the court failed to protect him from his own ineptitude' " (People v Woolnough, 180 AD2d 837, 839 [1992], quoting United States v Flewitt, 874 F2d 669, 675 [9th Cir 1989]). Defendant was the "master of his own fate and respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (People v Vivenzio, 62 NY2d 775, 776 [1984] [internal quotation marks and citation omitted]). Defendant did exactly that in this case.
Defendant's claim that he was not permitted to present evidence to establish that a particular assistant district attorney had engaged in a "vindictive prosecution" against him is without merit. Defendant was originally charged with felony criminal mischief. However, that charge was reduced to a misdemeanor. Moreover, while the assistant district attorney in question prepared the accusatory instrument that originally charged defendant with a felony, and represented the prosecution at the preliminary hearing, he did not otherwise participate in the case. Furthermore, while the court did not permit defendant's self-serving sworn statements to be admitted into evidence, the court permitted defendant to testify regarding his vindictive prosecution claim. Other than telling the jury that he had been originally charged with a felony, defendant provided no testimony with respect to the claim.
In any event, defendant did not establish a vindictive prosecution claim, as he did not show that the prosecutor's animus was the only motivating factor for prosecuting him, and that, but for the animus, he would not have been prosecuted, or that he was subjected to punishment for asserting a protected constitutional or statutory right (see United States v Goodwin, 457 US 368, 372 [1982]; United States v Murph, 452 Fed Appx 31 [2d Cir 2011]; United States v Sanders, 211 F3d 711, 716-719 [2d Cir 2000]; State v Odom, 412 SC 253, 261-265 [2015]; see also Bordenkircher v Hayes, 434 US 357 [1978]).
Accordingly, the judgments of conviction, as amended, are affirmed.
Marano, P.J., Tolbert and Brands, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2017