The People of the State of New York, Respondent,
against
Hasan Shareef, Appellant.




John P. Savoca, Esq., for appellant.
Westchester County District Attorney (Grant O'Donnell and Laurie G. Sapakoff of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Tuckahoe, Westchester County (David Otis Fuller, Jr., J.), rendered December 16, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in separate felony complaints, with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), respectively, in that, in the course of the execution of a search warrant at a specified location, defendant was found to be in possession of 11 plastic bags of crack cocaine containing an aggregate weight of more than one-eighth of an ounce. Subsequently, the People charged defendant, in an information, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and the felony complaints were dismissed.
At the commencement of a jury trial, defendant, who had been represented by counsel in a lengthy series of pretrial proceedings, which included motion practice, plea negotiations, and conferences, stated that he intended thereafter to represent himself. After an inquiry, the court agreed to allow defendant to proceed pro se and assigned defendant's counsel to continue to assist defendant on a standby basis. Following the trial, defendant was convicted of criminal possession of a controlled substance in the seventh degree. On appeal, defendant argues that he did not knowingly and intelligently waive his right to counsel; that to the extent that he was [*2]represented by counsel, counsel was ineffective; and that the jury charge failed to adequately distinguish the offenses charged relative to the evidence.
"Under the New York and Federal Constitutions, a defendant has the right to proceed without counsel and to represent him or herself at trial, and the State may not force counsel upon a defendant" (People v Silburn, 31 NY3d 144, 150 [2018]; see also People v Crespo, __ NY3d __, __, 2018 NY Slip Op 06849, *1), "[r]egardless of [a defendant's] lack of expertise and the rashness of his [or her] choice" (People v Vivenzio, 62 NY2d 775, 776 [1984]). The three-prong test to determine whether a defendant has validly invoked his or her right to proceed pro se, set forth in People v McIntyre (36 NY2d 10 [1974]) continues to represent "the standard by which the right of a criminal defendant to conduct his or her own defense is considered" (People v Crespo, — NY3d at &mdash, 2018 NY Slip Op 06849, *3). The procedure requires the court, via the appropriate " 'searching inquiry' " (People v Providence, 2 NY3d 579, 582 [2004], quoting People v Slaughter, 78 NY2d 485, 491 [1991]; see also People v Arroyo, 98 NY2d 101, 103 [2002]), to determine that " '(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues' " (People v Silburn, 31 NY3d at 150, quoting People v McIntyre, 36 NY2d at 17). The inquiry is designed, principally, to "insure that the defendant is aware of the dangers and disadvantages of proceeding without counsel" (People v Crampe, 17 NY3d 469, 481 [2011] [internal quotation marks and brackets omitted]; see also People v Smith, 92 NY2d 516, 520 [1998]; People v Kaltenbach, 60 NY2d 797, 799 [1983]). In People v Leibovitz (59 Misc 3d 138[A], 2018 NY Slip Op 50577[U], *2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), the court characterized the content and function of the relevant inquiry as follows:
"While there is no rigid formula or catechism that a court must follow in conducting such an inquiry, the court must adequately warn the defendant of 'the risks inherent in proceeding pro se' and apprise him or her 'of the singular importance of the lawyer in the adversarial system of adjudication' (People v Smith, 92 NY2d [at 520]; accord People v Crampe, 17 NY3d at 482; People v Arroyo, 98 NY2d at 104). A searching inquiry should also encompass consideration of a defendant's pedigree, such as the defendant's age, level of education, occupation and previous exposure to the legal system, and other relevant factors bearing on a competent, intelligent, [and] voluntary waiver (see People v Crampe, 17 NY3d at 482; People v Providence, 2 NY3d at 583-584; People v Arroyo, 98 NY2d at 104; People v Smith, 92 NY2d at 520). 'Notably, the focus in a self-representation inquiry is not on how much the defendant knows about criminal law and procedure, because ignorance does not preclude self-representation. Instead, the principal focus is on warning a defendant that his or her lack of knowledge, relative to that of a lawyer, will be detrimental if the defendant chooses to waive the right to counsel' (People v Dashnaw, 116 AD3d 1222, 1231 [2014] [internal quotation marks, brackets and citations omitted]; accord People v Sealy, 102 AD3d 591, 591 [2013]; see People v Ryan, 82 NY2d 497, 507-508 [1993]; People v Vivenzio, 62 NY2d [at 776]; People v Hall, 49 AD3d 1180, 1181-1182 [2008]). In addition, ' "a reviewing court may look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel" ' " (People v Crampe, 17 NY3d at 482, quoting People v Providence, 2 NY3d at [*3]583).
In the present case, in response to defendant's timely request to proceed pro se (see People v Crespo,— NY3d &mdash, 2018 NY Slip Op 06849, *5), the trial court initiated its inquiry by underscoring the importance of a legal education and of courtroom experience to effectively conduct a defense in a criminal proceeding, as well as the penological risks of being convicted after trial. The court inquired of defendant's formal education, defendant's prior experience in the criminal justice system, and of defendant's reasoning in wishing to participate pro se in a trial prosecuted by "a very seasoned, experienced lawyer," without an understanding of, for example, so fundamental a part of legal representation as the proper questions to ask a witness (see People v Smith, 92 NY2d at 520; People v Dashnaw, 116 AD3d at 1231). The court also informed defendant, in effect, that he would obtain no leeway or special dispensation if he proceeded pro se, and that, while his present counsel might be asked to perform a standby function and defendant permitted to confer with counsel, defendant would not be permitted a hybrid representation wherein counsel would participate actively in the proceedings in tandem with defendant. The court concluded the lengthy inquiry by posing a series of questions which elicited from defendant his understanding that, notwithstanding the risks posed by his lack of legal education and relevant experience, it was nevertheless his unequivocal desire to proceed pro se.
In Crampe, the Court of Appeals identified as highly relevant to a proper judicial inquiry, in addition to such matters as age and level of education, a defendant's "previous exposure to the legal system" (17 NY3d at 482), which here includes, in addition to his counsel's conduct of the defense in the present case (e.g. People v Qureshi, 45 Misc 3d 57, 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), multiple prior criminal proceedings, certain of which resulted in convictions, and a prior appeal. "[L]ook[ing] to the whole record, not simply the waiver colloquy" (People v Crampe, 17 NY3d at 482; e.g. People v Grubstein, 47 Misc 3d 151[A], 2015 NY Slip Op 50792[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), we find that defendant understood the nature and consequences of his choice to proceed pro se, and that his decision to waive counsel was knowing, intelligent and voluntary.
Defendant's claim regarding the representation of his counsel, prior to defendant's decision to proceed pro se, is that counsel did not move to controvert the search warrant which, defendant claims, would have resulted in the suppression of the contraband on which the charge was based. However, in his brief, defendant offers no facts or circumstances which, if true, would permit an inference that the motion would have had any merit (see e.g. People v Dunn, 155 AD2d 75, 80 [1990], affd 77 NY2d 19 [1990]; People v Navarro, 143 AD3d 522, 523 [2016]; People v Samuel, 137 AD3d 1691, 1693 [2016]; see also People v Caban, 5 NY3d 143, 152 [2005] ["There can be no denial of effective assistance of trial counsel arising from counsel's failure 'to make a motion or argument that has little or no chance of success' "], quoting People v Stultz, 2 NY3d 277, 287 [2004]). Further, to the extent that the decision as to which motions to make is a matter of trial strategy (see People v Rivera, 71 NY2d 705, 709 [1988] ["(A) showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel. Many reasons can account for a lawyer's failure to so move: an attorney might, for example, be motivated by strategy or by a reasonable conclusion, based on the facts known at the time, that there is no colorable basis for a hearing"] [internal citation omitted]), it is a "mixed claim" which depends in part on matters not appearing on the record and [*4]is properly explored in a motion pursuant to CPL 440.10 (see People v Evans, 16 NY3d 571, 575 n 2 [2011]; People v Salgado, 111 AD3d 859, 860 [2013]; People v Resto, 58 Misc 3d 150[A], 2018 NY Slip Op 50086[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Defendant's challenge to the jury charge is not preserved for appellate review as he made no request for a particular charge nor did he object to the jury charge as rendered (see CPL 470.05 [2]; People v Wilborn, 164 AD3d 530, 531 [2018]; People v Michael, 52 Misc 3d 142[A], 2016 NY Slip Op 51196[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). In any event, were we to review the merits of his claim in the interest of justice, we would find no error.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER: 
Paul Kenny
Chief Clerk
Decision Date: November 08, 2018