■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE PEREZ, Respondent. [697 NYS2d 672] —Appeal by the People from an order of the Supreme Court, Queens County (Demakos, J.) dated December 10, 1998, which granted those branches of the defendant's omnibus motion which were to suppress certain

physical evidence and his statements to law enforcement officials.

Ordered that the order is affirmed.

We agree with the Supreme Court that the defendant had standing to challenge a search which was conducted pursuant to a warrant which designated "150-17 Liberty Avenue, Jamaica, New York, more specifically, a commercial premises with a sign in front reading 'Jamaica Auto Glass' which has a fenced-in yard directly behind it where vehicle parts are stored" as the premises to be searched. The record shows that the defendant was the manager of "Jamaica Auto Glass," and that he had access to the yard together with the agents of a second business entity located at an adjoining premises known as "Jamaica Auto Salvage". Under these and other circumstances in the record, the defendant, as the manager of a commercial premises, had a reasonable expectation of privacy in those premises, and hence had standing to object to the search (*see generally, Mancusi v DeForte,* 392 US 364; *see also, New York v Burger,* 482 US 691; *cf., People v Norberg,* 136 Misc 2d 550).

We also agree that the instant search was illegal, in that the decision to apply for the warrant which authorized this search had been prompted by information obtained during a prior search which, we find, was illegal. The prior search (a search for fireworks) was conducted in a two-story building, notwithstanding that the warrant authorizing the earlier search specified a one-story warehouse which the police officers knew or should have known was different from the building they actually searched. The cases relied upon by the People to justify this prior search (*see, e.g., People v Wallace,* 238 AD2d 807) are clearly inapposite. Here, the police simply searched a building which they knew was not the one targeted in the warrant, and it was during this illegal search that a detective made an alleged plain-view observation which prompted the application for the second warrant (*see, People v DelRio,* 220 AD2d 122, 131). For these reasons, the evidence seized during the course of the second search was properly suppressed.

Similarly, it is clear from the record that the statements made by the defendant were in response to police questioning prompted by the observations made during the initial illegal search. Since this evidence was derived from the illegal search, it was properly suppressed (*see, People v DelRio, supra*; *see also, Murray v United States,* 487 US 533). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.