■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN C. OSORIO, Appellant. [823 NYS2d 810]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 9, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), i.e., possession of a narcotic compound with an aggregate weight of one-half ounce or more. The underlying facts are essentially undisputed. Based upon information provided to police by a named informant who signed a sworn affidavit in support of an application for a warrant to search defendant's residence, police stopped defendant on the street near his house and asked his name and date of birth. After ascertaining that defendant was the subject of an outstanding warrant, police arrested defendant on the warrant, took him to his residence and used his key to enter the residence in order to determine whether others were inside. After establishing that no one was in the residence, police took defendant into the residence, where they waited approximately two hours for the warrant to search the residence. Prior to the arrival of the search warrant, defendant, who had been given *Miranda* warnings, directed police to an area in the dining room where they observed what appeared to be cocaine. When police received the search warrant, that cocaine was seized and the house was searched and more cocaine was seized from the kitchen and bedroom.

As a preliminary matter, we reject defendant's contention that the search warrant was not based upon probable cause because the reliability of the informant was not established. We agree with defendant that the informant is not a citizen informant (*cf. People v Hicks*, 38 NY2d 90, 93-94 [1975]). We conclude, however, that Supreme Court properly determined that the information provided in the affidavit of the informant, which included information against his penal interest as well as particulars regarding the presence of drugs and weapons at defendant's residence, is sufficient to establish probable cause for the search warrant (*see People v Sullivan*, 56 NY2d 378, 384 [1982]; *People v Knighton*, 202 AD2d 1022 [1994], *lv denied* 83 NY2d 873 [1994]; *see generally People v Comforto*, 62 NY2d 725, 726-727 [1984]; *People v Rodriguez*, 226 AD2d 1102 [1996], *lv denied* 88 NY2d 941 [1996]).

We further conclude that the warrantless entry by police into defendant's residence was justified by probable cause and exigent circumstances (*see People v Burr*, 124 AD2d 5, 8 [1987], *affd* 70 NY2d 354 [1987], *cert denied* 485 US 989 [1988]; *cf. People v Kilgore*, 21 AD3d 1257 [2005]). Although police had defendant in custody, they had probable cause to believe that a large quantity of illegal drugs and weapons were in the residence. Defendant was arrested in view of his residence and therefore the peaceful police entry into defendant's residence to ascertain whether others were inside who could destroy evidence or endanger the safety of police was not unreasonable (*see Illinois v McArthur*, 531 US 326, 331-332 [2001]; *Burr*, 124 AD2d at 8-9). We note in addition "that securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents" (*Segura v United States*, 468 US 796, 810 [1984]; *see generally People v Arnau*, 58 NY2d 27, 36-37 [1982], *cert denied after remand* 468 US 1217 [1984]).

Because the aggregate weight of the cocaine recovered in the kitchen and the bedroom exceeds the statutory requirement of one-half ounce, we need not address defendant's further contention that the cocaine seized from the dining room should have been suppressed because its seizure was the product of an illegal search and not subject to the independent source doctrine (*see generally Arnau*, 58 NY2d at 34). In any event, we conclude that the record establishes that the search in the dining room prior to the arrival of the search warrant was conducted with defendant's consent. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.