■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL CHAMLEE, Also Known as JAMAL CHANLEE, Appellant. [991 NYS2d 313]—

Appeal from judgment, Supreme Court, New York County

(Edward J. McLaughlin, J.), rendered November 8, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the second degree and criminally using drug paraphernalia, and sentencing him to an aggregate term of 12 years, held in abeyance, and the matter remanded for a suppression hearing.

Defendant moved, pursuant to CPL 710.60, to suppress contraband recovered from his apartment on the grounds that the drug paraphernelia and gun were obtained as a result of an illegal entry to his apartment, and, thus, an illegal search. Alternatively, defendant sought a hearing. The motion court summarily denied both applications, finding that defendant's motion did not contain "sworn allegations of fact" sufficient to warrant a suppression hearing. Defendant denied "engaging in any unlawful activity at the time he was observed by plain clothes officers" in the hallway outside his apartment before being chased into his apartment by the police officers, who then broke down the door.

The facts as set forth in a search warrant application, that the police obtained after the forced entry and which were not available to defendant at the time he moved for a hearing, are that an undercover officer saw three or four men outside defendant's apartment smoking marijuana. The officer alerted the other plainclothes officers who came to the apartment but did not see or smell marijuana when they arrived. The officers identified themselves, which caused the four men to run into the apartment and lock the door. One of the officers then claimed he heard a male voice say, "[H]ide the gun." Based on these facts, the officers, after requesting entry, broke down the door in order to gain entry into the apartment, where they observed drugs and paraphernalia, and, based upon these observations, obtained a search warrant.

In denying defendant's application for a hearing, the Court summarily found that exigent circumstances justified the pursuit and warrantless entry, based upon the individuals in the hallway reportedly having smoked marijuana, then racing into the apartment and locking the door, and the need to prevent destruction of evidence. Defendant argues in his brief that at most some individuals were seen smoking marijuana, a class B misdemeanor that would not present exigent circumstances sufficient for a forced entry.

Under the circumstances presented here, where the information proffered by the People to support the forcible entry was conclusory and defendant did not have access to available infor-

mation, we find that it was incumbent upon the motion court to conduct a hearing to determine whether there were sufficient exigent circumstances to justify the forced warrantless entry (*see People v Bryant*, 8 NY3d 530 [2007] [holding that a *Mapp/Dunaway* hearing should have been held where there was a question of whether defendant had actually engaged in criminal activity warranting a seizure]; *see also People v Dunnell*, 50 AD3d 606 [1st Dept 2008] [holding summary denial of a hearing based solely on lack of standing was improper where People provided limited information concerning the basis for defendant's arrest], citing *People v Hightower*, 85 NY2d 988 [1995]). Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.