■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN MARINEZ, Appellant. [993 NYS2d 304]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at motion to controvert search warrant; Thomas Farber, J., at suppression hearing; Ronald Zweibel, J., at jury trial and sentencing), rendered August 17, 2012, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously reversed, on the law, the motion to suppress photographic evidence granted, and the matter remanded for a new trial.

The court should have granted defendant's motion to suppress photographs obtained from his cell phone. After the police arrested defendant and seized his phone, an officer looked through it without a warrant, and found two photos stored on the phone that depicted a pistol resembling the pistol recovered in this case. It was not disputed that the search of defendant's cell phone was unlawful. Moreover, a recent decision of the United States Supreme Court holds that a cell phone is not a proper subject of a warrantless search incident to arrest (*Riley v California*, 573 US —, 134 S Ct 2473 [2014]).

After finding the photos on the phone, the same officer averred in an affidavit in support of an application for a search warrant, which specifically sought to search photographs among

other things on the phone, that there was reasonable cause to believe that evidence concerning defendant's possession of a firearm existed on defendant's phone. This evidence demonstrated that the "decision to seek the warrant was prompted by what [the police] had seen during the initial entry" (*Murray v United States*, 487 US 533, 542 [1988]). Rather than applying for a warrant on the basis of mere probable cause, the officer "achieve[d] certain cause by conducting an unlawful confirmatory search," which "undermines the very purpose of the warrant requirement and cannot be tolerated" (*People v Burr*, 70 NY2d 354, 362 [1987] [internal quotation marks omitted], *cert denied* 485 US 989 [1988]). Accordingly, even if there were independent probable cause for the warrant, it would not immunize the initial warrantless search, or permit the subsequently-granted warrant to render the photos admissible (*see id.*). Nor may the inevitable discovery doctrine be applied to this evidence; the exception does not apply where "the evidence sought to be suppressed is the very evidence obtained in the illegal search" (*People v Stith*, 69 NY2d 313, 318 [1987]).

Given that defendant preserved his specific constitutional arguments for suppressing the photos, the error in denying his motion requires reversal unless it was "harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237 [1975]). We find that there was a "reasonable possibility that the error might have contributed to defendant's conviction" (*Crimmins*, 36 NY2d at 237). The weapon was not recovered from defendant's person, but was instead recovered from a place where, according to the police witnesses, defendant deposited it. Defendant's connection to the weapon rested entirely on the credibility of the officers, which was the principal issue at trial. The People not only presented the photos to the jury but also called two witnesses who testified extensively that the pistol shown in the photos was the same firearm recovered by the police. The prosecutor also emphatically relied on the photos in summation (*see People v Hardy*, 4 NY3d 192, 199 [2005]).

Since we are ordering a new trial, we find it unnecessary to reach defendant's other arguments. Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.