# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**992**

**KA 15-00485**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                        MEMORANDUM AND ORDER

JOSEPH J. BARTHOLOMEW, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR APPELLANT.

DANIEL J. MASTRELLA, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), dated July 7, 2014. The order granted the motion of defendant to suppress certain physical evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum: In a prosecution arising from allegations that defendant possessed certain stolen property, the People appeal pursuant to CPL 450.20 (8) from an order granting defendant's motion to suppress evidence seized pursuant to a search warrant and an amended search warrant issued by County Court (Piampiano, J.). Contrary to the People's contention, County Court (Dinolfo, J.) properly suppressed the evidence.

The People contend that the court erred in concluding that the search warrant applications omitted material facts, and in further concluding that the issuing judge lacked probable cause to issue the initial warrant. We reject those contentions. Regardless of whether the sheriff's investigator who applied for the warrant omitted material facts, the court properly concluded that the issuing judge lacked probable cause to issue the first warrant. It is well settled that a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur (*see generally People v Mercado*, 68 NY2d 874, 877, *cert denied* 479 US 1095), and there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched (*see People v Bigelow*, 66 NY2d 417, 423). It is equally well settled that, under New York law, "[p]robable cause may be supplied, in whole or part, through hearsay information . . . New York's present law applies the *Aguilar-Spinelli* rule for evaluating secondhand information and holds that if probable cause is based on hearsay statements, the police must establish that

the informant had some basis for the knowledge he [or she] transmitted to them and that he [or she] was reliable" (*id.; see People v Griminger*, 71 NY2d 635, 639).  "Notably, where the information is based upon double hearsay, the foregoing requirements must be met with respect to each individual providing information" (*People v Mabeus*, 63 AD3d 1447, 1450; *see People v Ketcham*, 93 NY2d 416, 421; *People v Parris*, 83 NY2d 342, 347-348).  Here, although an identified citizen is presumed to be reliable and thus the information submitted in support of the warrant application met that prong of the *Aguilar-Spinelli* test (*see Parris*, 83 NY2d at 349-350; *People v Holmes*, 115 AD3d 1179, 1180-1181, *lv denied* 23 NY3d 1038), the application failed to establish the basis of knowledge of the ultimate source of the information in the warrant application.  The additional "Statement of Facts" submitted in support of the warrant is unsigned, and there is no information indicating who prepared it.  Indeed it is impossible to tell from reading it who provided the information contained in it, and thus it does not "permit a reasonable inference that it was based upon [the purported affiant]'s personal knowledge" (*People v Jackson*, 235 AD2d 923, 924).  Inasmuch as the warrant was not issued on the requisite showing of probable cause, the court properly suppressed all evidence seized pursuant to it, including the observations of the deputies who executed the warrant, regardless of their good faith in observing that information while executing the initial invalid warrant (*see generally Griminger*, 71 NY2d at 641; *Bigelow*, 66 NY2d at 426-427).

The People further contend that the amended warrant was properly issued because the deputy sheriffs who conducted the search properly observed certain stolen property in plain view during the execution of the initial warrant, and used that information to obtain the amended warrant.  We likewise reject that contention.  Because the initial warrant was not based on probable cause, and evidence obtained from it was used to obtain the amended warrant, the evidence seized pursuant to the amended warrant must also be suppressed (*see People v DelRio*, 220 AD2d 122, 131, *lv denied* 88 NY2d 983; *see also People v Perez*, 266 AD2d 242, 243, *lv dismissed* 94 NY2d 923).

Consequently, "the indictment must be dismissed [because] the unsuccessful appeal by the People precludes all further prosecution of defendant for the charges contained in the accusatory instrument" (*People v Felton*, 171 AD2d 1034, 1034, *affd* 78 NY2d 1063; *see* CPL 450.50 [2]).

Entered:  October 2, 2015                              Frances E. Cafarell
                                                       Clerk of the Court