# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**199**
**KA 13-00159**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY D. SAMUEL, DEFENDANT-APPELLANT.

---

DIANNE C. RUSSELL, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 2, 2012.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), robbery in the second degree (two counts), kidnapping in the second degree, assault in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for a suppression hearing.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, kidnapping in the second degree (Penal Law § 135.20) and two counts of robbery in the first degree (§ 160.15 [2], [4]), arising from an incident occurring in a two-unit apartment building in the City of Rochester.  In response to a 911 call, Rochester police officers responded to the building and found a man bound at the wrists and bleeding from several wounds.  The man reported that he had been attacked by several people, some of whom were still in the building.  The officers surrounded the building and apprehended defendant and others as they left the building.  The officers then performed what they described as a security sweep of the building, during which they noted, inter alia, the presence of masks, guns, and other apparent items of evidence.  The officers then withdrew and obtained a search warrant for the building, which resulted in the seizure of numerous objects that were introduced in evidence at defendant's trial.

Defendant submitted omnibus motions seeking, among other relief, suppression of the evidence seized pursuant to the search warrant.  He also made several requests for the warrant application, all of which were denied by the prosecution, and he made several motions or requests for an order directing the prosecution to turn over that

application, which were denied by County Court (Piampiano, J.). After an in camera review of the search warrant application, County Court also denied, without a hearing, defendant's motion to suppress the evidence seized pursuant to the search warrant. During the trial before Supreme Court (Moran, J.), when the prosecution sought to introduce evidence seized during the execution of the search warrant, defendant orally moved to suppress the items seized pursuant to the warrant, contending for the first time that the warrant was improperly issued because it was based on evidence that was obtained during the earlier warrantless search, which defendant contended was conducted in violation of *Payton v New York* (445 US 573) and its progeny. Based on the trial testimony regarding the conduct of the prewarrant security sweep, Supreme Court concluded, sua sponte, that exigent circumstances justified the warrantless search and denied the motion without a hearing.

Defendant contends on appeal that, inter alia, County Court and Supreme Court erred in refusing to suppress the evidence seized during the execution of the warrant because it was the fruit of the prior unconstitutional search of his home. We conclude that Supreme Court erred in denying, without a hearing, defendant's midtrial suppression motion.

Initially, defendant contends that County Court erred in refusing to suppress the fruits of the search warrant without conducting a hearing. In his motion papers, defendant contended only that the warrant was not based on probable cause, without reference to any prior activity. It is well settled that a "challenge to the facial sufficiency of a written warrant application presents an issue of law that does not require a hearing, and the court properly determines the merits of such a challenge 'by reviewing the affidavits alone in order to determine whether they establish probable cause' " for the search (*People v Carlton*, 26 AD3d 738, 738, quoting *People v Dunn*, 155 AD2d 75, 80, *affd* 77 NY2d 19, *cert denied* 501 US 1219). Defendant failed to preserve for our review his present contention that County Court erred in upholding the warrant because it was based on evidence obtained during a prior unconstitutional search, "inasmuch as defendant failed to raise it either in his motion papers or before the suppression court" (*People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736; *see People v Facen*, 117 AD3d 1463, 1463-1464, *lv denied* 23 NY3d 1020). In any event, we conclude that the allegations in defendant's moving papers did not contain sufficient allegations of fact to warrant a hearing on that contention (*see People v Ferron*, 248 AD2d 962, 963, *lv denied* 92 NY2d 879; *see generally People v Jones*, 95 NY2d 721, 725).

Defendant further contends that County Court erred in concluding that the officers were aware of the apartment building's design before the security sweep. Defendant failed to preserve that contention for our review, inasmuch as he did not challenge the warrant in County Court on that ground (*see People v Williams*, 127 AD3d 612, 612; *People v Demus*, 82 AD3d 1667, 1667-1668, *lv denied* 17 NY3d 815). Furthermore, defendant did not join in a challenge to the search warrant made by a codefendant's attorney on that ground, and it is

well settled that a "[d]efendant cannot rely on the request of a
codefendant to preserve the claimed . . . error" (*People v Buckley*, 75
NY2d 843, 846; *see People v Cabassa*, 79 NY2d 722, 730, *cert denied sub
nom. Lind v New York*, 506 US 1011).  We decline to exercise our power
to review that contention as a matter of discretion in the interest of
justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that Supreme Court erred in
denying without a hearing his midtrial motion to suppress the fruits
of the search warrant.  Defendant's motion was made shortly after the
prosecution belatedly provided the search warrant application, which
demonstrated that the police officers had searched the building before
they obtained the search warrant and used the information gained in
the initial search in their application for the warrant.  It is well
settled that police officers may not conduct an unconstitutional
warrantless search and then use the fruits of that search to obtain a
warrant (*see e.g. People v Perez*, 266 AD2d 242, 243, *lv dismissed* 94
NY2d 923; *see also People v Bartholomew*, 132 AD3d 1279, 1281).  To the
contrary, such a procedure "undermines the very purpose of the warrant
requirement and cannot be tolerated" (*People v Burr*, 70 NY2d 354, 362,
*cert denied* 485 US 989; *see People v Marinez*, 121 AD3d 423, 424).

Here, Supreme Court, based on its view of the trial testimony,
concluded sua sponte that exigent circumstances justified the
protective security sweep of the building, and thus summarily
determined that the information gained by the officers during that
search could properly be considered by the issuing magistrate in
determining whether there was probable cause to issue the search
warrant.  That was error.  As previously noted herein, defendant's
oral motion to suppress challenged the warrant on the ground that it
was based on information that was obtained in violation of his
constitutional rights under *Payton v New York* (445 US 573).  In
determining whether a hearing is required pursuant to CPL 710.60, "the
sufficiency of defendant's factual allegations should be evaluated by
(1) the face of the pleadings, (2) assessed in conjunction with the
context of the motion, and (3) defendant's access to information"
(*People v Mendoza*, 82 NY2d 415, 426).  We note that the motion was not
required to be made in writing, as would be required for a pretrial
motion to suppress (*see* CPL 710.60 [1]) and, because it was properly
"made orally in open court" during trial, the court was required,
"where necessary, [to] conduct a hearing as provided in [CPL 710.60
(4)], out of the presence of the jury if any, and make findings of
fact essential to the determination of the motion" (CPL 710.60 [5]).

We conclude that a hearing was necessary herein.  Defendant's
allegation that the search was of his home was sufficient "to
demonstrate a personal legitimate expectation of privacy in the
searched premises" (*People v Wesley*, 73 NY2d 351, 357; *cf. People v
Scully*, 14 NY3d 861, 864).  The People failed to preserve for our
review their current contention that, as Supreme Court sua sponte
determined, the security sweep was justified by the emergency
doctrine, in order to ensure that there were no more victims or
perpetrators in the building (*see generally People v Sylvester*, 129
AD3d 1666, 1666-1667, *lv denied* 26 NY3d 1092; *People v Whitley*, 68

AD3d 790, 791, *lv denied* 14 NY3d 807). We note, however, that Supreme Court made its sua sponte determination before the People had an opportunity to make any argument on the merits, and that the People had raised this contention in response to an earlier motion by a codefendant. In any event, the People's current contention merely " 'raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue' of whether evidence was obtained in a constitutionally permissible manner" (*People v Burton*, 6 NY3d 584, 587; *cf. Scully*, 14 NY3d at 864). Thus, before ruling on the motion, "it was incumbent upon [Supreme C]ourt to conduct a hearing to determine whether there were sufficient exigent circumstances [or other factors such as an ongoing emergency situation that would] justify the . . . warrantless entry" into the building (*People v Chamlee*, 120 AD3d 417, 419). Therefore, we hold the case, reserve decision, and remit the matter to Supreme Court for a hearing on defendant's midtrial suppression motion.

Entered: March 25, 2016                    Frances E. Cafarell
                                           Clerk of the Court