THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SOLANO, Appellant. [29 NYS3d 347]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at suppression hearing and expert witness application; Cassandra M. Mullen, J., at jury trial and sentencing), rendered November 29, 2010, as amended December 14, 2012, convicting defendant of two counts of robbery in the first degree, two counts of robbery in the second degree, three counts of burglary in the second degree and three counts of grand larceny in the fourth degree, and sentencing him, as a

persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The police searched defendant's phone by means of a valid warrant based on probable cause that was independent of a prior unlawful search of the phone for contact information, made when a detective mistook it for the phone of a codefendant, who had consented to such a search (*see People v Arnau*, 58 NY2d 27 [1982]). The decision to obtain a warrant was not prompted by what was discovered in the initial search, and the circumstances were far removed from the type of exploitation of illegality discussed in *People v Marinez* (121 AD3d 423 [1st Dept 2014]). In any event, any error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Evidence obtained from defendant's phone added little to the People's overwhelming case, which included the victim's testimony that he recognized the voice of his masked assailant as that of defendant, with whom he had worked closely for approximately two months, and which also included a chain of compelling circumstantial evidence.

The motion court properly exercised its discretion in denying defendant's application to present an expert witness on voice identification. The case did not turn on the accuracy of the voice identification, because there was extensive, competent corroborating evidence (*see People v Santiago*, 17 NY3d 661, 669-671 [2011]). Defendant's efforts to downplay the strong circumstantial evidence are unavailing.

The trial court, which gave an expanded instruction on identification that it adapted for voice identifications, properly exercised its discretion in declining to add language relating to cross-racial identification. Defendant has not shown how a difference in race would affect an identification of a masked suspect, made entirely by voice, and by a witness who was very familiar with the voice.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.