■ The People of the State of New York, Respondent, v Angel Navarro, Appellant. [39 NYS3d 426]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered October 24, 2014, as amended November 20, 2014 and April 1, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (11 counts), criminal possession of a weapon in the third degree (five counts) and attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to an aggregate term of 12 years, unanimously affirmed.

Defendant's claim that the attorneys who represented him before trial rendered ineffective assistance by filing inadequate motions to controvert a search warrant and suppress evidence is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, concerning counsel's choice of suppression issues and the reasoning behind those choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal.

In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that the motion practice conducted by his attorneys was objectively unreasonable, or that it resulted in unfairness or otherwise caused defendant any prejudice (*see People v Carver*, 27 NY3d 418, 420-421 [2016]). The record does not show any likelihood that motion practice based on the matters defendant cites on appeal would have resulted in a hearing, or that such a hearing would have resulted in the suppression of any evidence. The existing record fails to establish that counsel could have made a colorable argument that the police lacked a reasonable belief that defendant was probably selling "Molly" in the form of the controlled substance MDMA, notwithstanding the ultimate discovery that defendant was actually selling "Molly" in the form of the similar, but then-legal drug Methylone.

Defendant did not preserve his claim that the court violated the procedures set forth in *People v O'Rama* (78 NY2d 270 [1991]), and, since it is undisputed that counsel had full notice of the jury note in question, there was no mode of proceedings error (*see People v Mack*, 27 NY3d 534, 541-542 [2016]). We decline to review his claim in the interest of justice. As an alternative holding, we reject his claim on the merits. The record establishes that the court fully complied with the *O'Rama* procedures by informing the parties that it proposed to reread its charge on a particular weapon count, including "all the definitions," which plainly encompassed the applicable presumption of intent, which was one of the legal principles applicable to that charge.

Defendant's arguments concerning certain amendments to the indictment are waived and unpreserved, and we decline to review them in the interest of justice (*see People v Udzinski*, 146 AD2d 245 [2d Dept 1989], *lv denied* 74 NY2d 853 [1989]; *see also People v Ford*, 62 NY2d 275 [1984]).

We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting his conviction of attempted criminal possession of a controlled substance. The evidence supports the conclusion that defendant committed this crime by possessing what he mistakenly believed to be an unlawful drug (*see e.g. People v Sessions*, 181 AD2d 842, 843 [2d Dept 1992], *lv denied* 80 NY2d 837 [1992]). Concur—Friedman, J.P., Richter, Feinman and Kapnick, JJ.