# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**32**
**KA 14-00996**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ROMMEL BURDINE, ALSO KNOWN AS ROMELL BURDINE,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J.
Miller, J.), rendered April 4, 2014. The judgment convicted
defendant, upon a jury verdict, of criminal possession of a controlled
substance in the third degree (two counts) and criminally using drug
paraphernalia in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
after a jury trial, of two counts of criminal possession of a
controlled substance in the third degree (Penal Law § 220.16 [1],
[12]) and criminally using drug paraphernalia in the second degree
(§ 220.50 [3]). At the outset, we agree with defendant that the court
erred in denying his motion to suppress certain text messages
collected from his cell phones (*see People v Marinez*, 121 AD3d 423,
423-424). It is undisputed that, after the defendant was pulled over,
the responding police officers recovered two cell phones from the
vehicle's glove box and one of them looked through certain text
messages on those phones. In our view, that police action constituted
an illegal warrantless search of defendant's cell phones, thereby
mandating suppression of the text messages (*see id*.). The fact that
the officers subsequently applied for a search warrant covering the
cell phones is of no moment inasmuch as they "used the [illegal]
search to assure themselves that there [was] cause to obtain a
warrant" in the first instance (*People v Burr*, 70 NY2d 354, 362, *cert
denied* 485 US 989; *see People v Perez*, 266 AD2d 242, 243, *lv dismissed*
94 NY2d 923).

We conclude, however, that the error is harmless inasmuch as the
evidence of defendant's guilt is overwhelming, and there is no

significant probability that defendant would have been acquitted if the court had not admitted the text messages in evidence (*see generally People v Crimmins*, 36 NY2d 230, 241-242). Defendant was discovered driving a vehicle that contained a wholesale brick of crack, seven individually bagged ecstasy-analogue tabs, a scale, and empty baggies. Furthermore, defendant demonstrated consciousness of guilt by initially fleeing from police; over $600 in cash was recovered from defendant's person; and defendant's passenger testified that defendant was a drug dealer who was dealing out of his car. Thus, in our view, there is no significant probability that defendant would have been acquitted but for the erroneously-admitted text messages (*see People v Solano*, 138 AD3d 525, 526, *lv denied* 27 NY3d 1155). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, the court did not abuse its discretion in refusing to assign him new counsel. The record establishes that the court made "the requisite minimal inquiry into defendant's reasons for requesting new counsel . . . and defendant did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (*People v Jones*, 114 AD3d 1239, 1240, *lv denied* 23 NY3d 1038 [internal quotation marks omitted]). "[T]he fact that defendant and his attorney may have disagreed with respect to . . . strategy is not sufficient to warrant a substitution" (*People v Tenace*, 256 AD2d 928, 930, *lv denied* 93 NY2d 902, *cert denied* 530 US 1217, *reh denied* 530 US 1290).

Contrary to defendant's contention, the court did not abuse its discretion in denying his motion for a missing witness charge with respect to one of the responding police officers who testified at the suppression hearing (*see generally People v Macana*, 84 NY2d 173, 180). Even assuming, arguendo, that the officer's testimony would not have been cumulative, we conclude that a missing witness charge was not warranted given the officer's unavailability (*see People v Gonzalez*, 68 NY2d 424, 428).

We reject defendant's contention that he was denied effective assistance of counsel. To the extent that defendant is calling counsel's effectiveness into question by virtue of his alleged failure to seek a spoliation sanction at the suppression hearing, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440. With respect to defendant's remaining claims of ineffective assistance of counsel, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, establish that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

The sentence is neither unduly harsh nor severe. Defendant's remaining contentions are not preserved for our review, and we decline

to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court