People v Navarro (2018 NY Slip Op 00938)





People v Navarro


2018 NY Slip Op 00938


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1414 KA 14-01577

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VANGIE M. NAVARRO, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 2, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the seventh degree, criminal sale of marihuana in the third degree and criminal sale of marihuana in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and one count each of criminal sale of marihuana in the third degree (§ 221.45) and criminal sale of marihuana in the fourth degree (§ 221.40), defendant contends that County Court erred in refusing to hold a Franks/Alfinito hearing (see Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965]). We reject that contention. Defendant "failed to make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the [search] warrant affidavit, and . . . [that such] statement [was] necessary to the finding of probable cause' " (People v Binion, 100 AD3d 1514, 1514-1515 [4th Dept 2012], lv denied 21 NY3d 911 [2013], quoting Franks, 438 US at 155-156; see People v Barnes, 139 AD3d 1371, 1373-1374 [4th Dept 2016], lv denied 28 NY3d 926 [2016]; see generally People v Tambe, 71 NY2d 492, 504 [1988]).
Contrary to defendant's further contention, a hearing is not required where, as here, there is a challenge to the facial validity of the search warrant, as opposed to the validity of the information contained therein (see People v Dunn, 155 AD2d 75, 80 [4th Dept 1990], affd 77 NY2d 19 [1990], cert denied 501 US 1219 [1991]; People v Samuel, 137 AD3d 1691, 1693 [4th Dept 2016]; see generally People v Glen, 30 NY2d 252, 262 [1972]). Here, the court properly determined that the warrant was valid because " it was based on firsthand information from the officer who conducted the monitored, controlled drug buy [at the residence] with a confidential informant, thereby establishing the informant's reliability' " (People v Long, 100 AD3d 1343, 1346 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]; see People v Abron, 278 AD2d 919, 919 [4th Dept 2000], lv denied 96 NY2d 797 [2001]).
Defendant additionally contends that the search warrant was "overbroad" because it included weapons when the search warrant application provided no basis to believe that weapons would be found in the residence, and thus the weapons should have been suppressed. That contention is not preserved for our review " inasmuch as defendant failed to raise it either in his motion papers or before the suppression court' " (Samuel, 137 AD3d at 1693) and, in any event, it lacks merit. Even assuming, arguendo, that defendant is correct and there was no probable cause to believe that weapons would be located in the residence (cf. People v Osorio, 34 AD3d 1271, 1272 [4th Dept 2006], lv denied 8 NY3d 883 [2007]), we nevertheless conclude that the [*2]two firearms were properly seized. The officers were lawfully in a position to observe the firearms and had lawful access to them when they seized them, and "the incriminating character of the [firearms] was immediately apparent" (People v Tangney, 306 AD2d 360, 361 [2d Dept 2003], lv denied 100 NY2d 599 [2003]; see People v Gerow, 85 AD3d 1319, 1320 [3d Dept 2011]; see generally People v Brown, 96 NY2d 80, 85-88 [2001]).
Defendant failed to object to the court's ultimate Sandoval ruling and thus failed to preserve for our review his contention that the court's ruling constitutes an abuse of discretion (see People v Tolliver, 93 AD3d 1150, 1151 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). In any event, we conclude that defendant's contention lacks merit inasmuch as "the record establishes that the court weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (People v Butler, 148 AD3d 1540, 1542 [4th Dept 2017], lv denied 29 NY3d 1090 [2017] [internal quotation marks omitted]). Contrary to defendant's contention, the court properly allowed the prosecutor to cross-examine defendant with respect to his prior conviction of resisting arrest. Such a crime "showed the willingness of defendant to place his own interests above those of society" (People v Salsbery, 78 AD3d 1624, 1626 [4th Dept 2010], lv denied 16 NY3d 836 [2011]).
At the close of the People's case, defendant moved for a trial order of dismissal, challenging the sufficiency of the evidence related only to the weapon and marihuana counts. Thus, to the extent that defendant contends on appeal that the evidence is legally insufficient to support the conviction of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), that contention is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that, for each count, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Defendant further contends that he was denied effective assistance of counsel because defense counsel did not "adamantly request" a Franks/Alfinito hearing and failed to mark or introduce defendant's certificate of relief from disabilities, which defendant contends established a defense to the possession of the firearms in his home (see Penal Law § 265.03 [3]). We reject that contention. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]). Here, there was no basis for a Franks/Alfinito hearing (see Binion, 100 AD3d at 1514-1515), and defendant has failed to establish that a certificate of relief from disabilities would have raised a valid defense. The exemption found in Penal Law § 265.20 (a) (5) applies only to those who have been issued a certificate of good conduct pursuant to Correction Law § 703-b, not to those who have been issued a certificate of relief from disabilities under Correction Law §§ 701, 702 or 703. Here, there is no evidence that defendant was ever issued a certificate of good conduct (see People v Kemp, 273 AD2d 806, 806 [4th Dept 2000], cert denied 532 US 977 [2001]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court