People v Fitch (2019 NY Slip Op 01973)





People v Fitch


2019 NY Slip Op 01973


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1262 KA 18-00126

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW D. FITCH, DEFENDANT-APPELLANT. 






PAUL G. DELL, BUFFALO, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered October 11, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of marihuana in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking as a condition of probation the requirement that defendant submit to surveillance via electronic monitoring and pay the fees associated therewith and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of marihuana in the first degree (Penal Law §§ 110.00, 221.30). In November 2015, police investigators went to defendant's residence to execute a warrant for his arrest on charges arising out of his possession of an assault rifle. While outside the residence, one of the investigators detected an odor of marihuana. The police therefore obtained a warrant to search the residence. During the search, the police seized more than 20 pounds of marihuana. Defendant was arrested along with the codefendant, who was also present at the residence, and they were jointly indicted on one count each of criminal possession of marihuana in the first degree (§ 221.30). Thereafter, as part of her omnibus motion, the codefendant moved to suppress physical evidence or, alternatively, for a hearing pursuant to Franks v Delaware (438 US 154 [1978]) in order "to determine whether the statements . . . in the search warrant application were intentionally false, or were recklessly misleading, so as to constitute misconduct." Defendant joined in that part of the omnibus motion. Following a hearing, Supreme Court refused to suppress the physical evidence.
Defendant now contends that the court erred in refusing to suppress the physical evidence because of alleged defects relating to both the arrest warrant and the search warrant. First, defendant contends that the People failed to establish that the arrest warrant was not based upon false statements with respect to the legality of the assault rifle because the police detective who prepared the warrant application did not testify at the hearing. That contention is not preserved for our review because defendant failed to request a Franks hearing to challenge the statements upon which the arrest warrant was based (see People v Samuel, 137 AD3d 1691, 1693 [4th Dept 2016]). In any event, the contention lacks merit. The burden at a Franks hearing is not on the People. Instead, it was defendant's burden to prove by a preponderance of the evidence that the police officer who prepared the arrest warrant application included false statements knowingly and intentionally or with reckless disregard for the truth (see Franks, 438 US at 171; People v Tambe, 71 NY2d 492, 504 [1988]; People v Nunziata, 10 AD3d 695, 695 [2d Dept 2004], lv denied 3 NY3d 759 [2004]), and defendant failed to meet that burden.
Defendant next contends that he was entitled to suppression because he established at the hearing that the search warrant was based on false statements made by the investigator who prepared the warrant application, i.e., that he was able to smell marihuana from outside the residence. We reject that contention. It is well settled that "[a] hearing court's credibility [*2]determinations are entitled to great weight' in light of its opportunity to see the witnesses, hear the testimony, and observe demeanor" (People v Thibodeau, 151 AD3d 1548, 1552 [4th Dept 2017], affd 31 NY3d 1155 [2018]). Although defendant contends that it would not have been possible for the investigator to have smelled the marihuana from outside the residence, the investigator testified that he smelled a "strong odor" of marihuana after defendant opened the door of the residence, and the court credited the investigator's testimony. Moreover, two other officers who were present testified that they smelled marihuana from outside the residence, and the court credited their testimony as well. Furthermore, the hearing testimony establishes that, after the police knocked on the door, it took defendant approximately 10 minutes to open the door and that, approximately 30 minutes later, the police entered the residence upon obtaining the search warrant and found the marihuana. Although much of it had been packaged in plastic bags and enclosed in coolers, the codefendant had been alone inside the residence during the 30 minutes between when the police first knocked and when the search commenced, and more than 80 live marihuana plants were found in the basement. In light of the foregoing, we decline to disturb the court's credibility determinations.
We agree with defendant, however, that the condition of his probationary sentence related to electronic monitoring was not lawfully imposed pursuant to Penal Law § 65.10 (4). As a preliminary matter, contrary to the People's assertion, that contention does not require preservation inasmuch as it implicates the legality of the sentence (see generally People v Saraceni, 153 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 913 [2018]). A sentencing court imposing probation may require the defendant, pursuant to the statute, to submit to electronic monitoring (see § 65.10 [4]). "Such condition may be imposed only where the court, in its discretion, determines that requiring the defendant to comply with such condition will advance public safety, probationer control or probationer surveillance" (id.). Here, the court failed to make such a determination. To the contrary, it is evident from our review of the sentencing minutes that the court did not consider defendant or his actions to pose a threat to public safety. There may, however, be a legitimate purpose for the electronic monitoring based on probationer control or probationer surveillance. Therefore, we modify the judgment by striking the condition of probation requiring that defendant submit to surveillance via electronic monitoring and pay the fees associated therewith, and we remit the matter to Supreme Court to make a discretionary determination whether to impose electronic monitoring based on appropriate findings.
In the interest of judicial economy, we also address defendant's contention that the court lacked the authority to require him to pay the costs associated with electronic monitoring. We reject that contention. The sentencing court may impose such costs on a defendant as part of a condition of probation requiring electronic monitoring unless the defendant demonstrates that he is unable to afford such costs despite making a bona fide effort to do so (see People v Hakes, — NY3d &mdash, &mdash, 2018 NY Slip Op 08538, *1-4 [Dec. 13, 2018]; People v Clause, 167 AD3d 1532, 1534 [4th Dept 2018]).
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court