People v French (2019 NY Slip Op 03500)





People v French


2019 NY Slip Op 03500


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


338 KA 12-00161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EUGENE FRENCH, DEFENDANT-APPELLANT. 






BETH A. RATCHFORD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered December 1, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]). Defendant contends that County Court failed to conduct a proper inquiry into his request for substitution of counsel. We reject that contention. The court made the requisite "minimal inquiry" into defendant's claims before making a determination that there was no good cause for substitution of counsel (People v Small, 166 AD3d 1471, 1471 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]; see People v Smith, 18 NY3d 588, 592-593 [2012]; People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
Defendant's first ground for seeking substitution, i.e., that the District Attorney assigned an Assistant Public Defender to represent him as defense counsel, " did not suggest a serious possibility of good cause for substitution' " (People v Burdine, 147 AD3d 1471, 1473 [4th Dept 2017], amended on rearg 149 AD3d 1626 [4th Dept 2017], lv denied 29 NY3d 1076 [2017]). Defendant's second ground for seeking substitution was based on "vague assertions" that defense counsel did not contact him or visit him more often (People v MacLean, 48 AD3d 1215, 1217 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]; see People v Benson, 265 AD2d 814, 814-815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]), and likewise " did not suggest a serious possibility of good cause for substitution' " (Burdine, 147 AD3d at 1473). Defendant's final ground for seeking substitution was that he disagreed with defense counsel's strategic decision not to have him testify before the grand jury. It is well settled, however, that disagreement on matters of strategy does not constitute good cause for substitution of counsel (see Smith, 18 NY3d at 593; People v Holmes, 284 AD2d 984, 984 [4th Dept 2001], lv denied 96 NY2d 919 [2001]; see also People v Hogan, 26 NY3d 779, 781 [2016]).
Inasmuch as defendant's three claims do not establish good cause for substitution of counsel, and inasmuch as there was nothing in the record before the court to establish that defense counsel would not have been "reasonably likely to afford . . . defendant effective assistance" of counsel (People v Medina, 44 NY2d 199, 208 [1978]), we conclude that the court did not abuse its discretion in denying defendant's request (see People v Linares, 2 NY3d 507, 510 [2004]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court