People v Tucker (2021 NY Slip Op 50760(U))

[*1]

People v Tucker (Christopher)

2021 NY Slip Op 50760(U) [72 Misc 3d 137(A)]

Decided on July 29, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 29, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-1232 W CR

The People of the State of New York,
Respondent,
against
Christopher U. Tucker, Appellant. 

Scott M. Bishop, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and William C. Milaccio of
counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Mamaroneck, Westchester
County (Ronald W. Meister, J.), rendered July 1, 2019. The judgments, after a nonjury trial,
convicted defendant of driving while intoxicated per se and common-law driving while
intoxicated, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in two simplified informations with, respectively, driving while
intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]).
A stipulation was entered into at a nonjury trial and admitted into evidence wherein defense
counsel stipulated, among other things, that the trooper was certified to administer the chemical
breath test and that the chemical breath device was calibrated, maintained and in proper working
order on the date of defendant's test. Additionally, it was stipulated that the results of the
chemical breath test showed a blood alcohol level of .15 percent. 
The arresting trooper testified that he saw defendant sitting behind the wheel of an
automobile on the side of the highway with the engine off. After approaching the vehicle, he
asked defendant if he was in need of assistance. The defendant told him that his vehicle had run
out of gas. He observed defendant's wife asleep in the front passenger seat and he smelled the
odor of alcohol emanating from inside the vehicle. He was unable to determine if the odor of
alcoholic beverage was emanating from defendant's breath. After directing defendant to exit the
vehicle, he observed that defendant's eyes were watery and glassy, and he smelled the odor of
[*2]alcoholic beverage emanating from defendant's breath. The
defendant told him that he had been driving, he had picked up his wife in the Bronx and they
were heading to Connecticut, but he had run out of gas. The trooper further testified that
defendant performed poorly on the field sobriety tests that he administered at the scene. It was his
opinion that defendant was intoxicated. After checking the vehicle, he determined that the
vehicle had not run out of gas. The Justice Court found defendant guilty of driving while
intoxicated per se and common-law driving while intoxicated. Defendant's subsequent CPL
330.30 motion to set aside the verdicts was denied, and the court imposed sentences.
On appeal, defendant contends, among other things, that the evidence was legally insufficient
to establish his guilt of the charges and the verdicts were against the weight of the evidence. In
addition, defendant contends that he was denied the right to the effective assistance of
counsel.
Defendant failed to preserve his challenge to the legal sufficiency of the evidence, as
defendant did not make a motion to dismiss at the close of all of the evidence (see People v Carncross, 14 NY3d
319, 324-325 [2010]; People v
Hawkins, 11 NY3d 484, 492-493 [2008]; People v Gray, 86 NY2d 10, 19-20
[1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d
107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the
evidence adduced at trial was legally sufficient to establish defendant's guilt of driving while
intoxicated per se and common-law driving while intoxicated beyond a reasonable doubt (see generally People v Danielson, 9
NY3d 342, 349 [2007]). Furthermore, to the extent that defendant contends that the verdicts
were against the weight of the evidence, upon exercising our factual review power (see
CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), we are satisfied that the
verdicts were not against the weight of the evidence (see People v Martin, 52 Misc 3d 140[A], 2016 NY Slip Op
51166[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Celifie, 47 Misc 3d
133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2015]).
Defendant's contention regarding the alleged ineffective representation of his counsel is that
counsel failed to challenge his seizure and arrest, move to suppress the trooper's testimony
regarding defendant's statement, and challenge the credibility of the trooper during
cross-examination. Defendant claims that had counsel acted accordingly, it would have resulted
in the suppression of his statement. 
In his brief, defendant offers no facts or circumstances which, if true, would permit an
inference that a motion to suppress would have had any merit (see People v Dunn, 155
AD2d 75, 80 [1990], affd 77 NY2d 19 [1990]; People v Navarro, 143 AD3d 522, 523 [2016]; People v Samuel, 137 AD3d 1691,
1693 [2016]; see also People v
Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]). Further, to the extent
that the decision as to which motions to make is a matter of trial strategy (see People v
Rivera, 71 NY2d 705, 709 [1988] ["(A) showing that counsel failed to make a particular
pretrial motion generally does not, by itself, establish ineffective assistance of counsel. Many
reasons can account for a lawyer's failure to so move: an attorney might, for example, be
motivated by strategy or by a reasonable conclusion, based on the facts known at the time, that
there is no colorable basis for a hearing"] [citation omitted]), it is a "mixed claim" which depends
in part on matters not appearing on the record and is properly explored in a motion pursuant to
CPL 440.10 (see People v Evans, 16 [*3]NY3d 571, 575
n 2 [2011]; People v Salgado, 111
AD3d 859, 860 [2013]; People v
Resto, 58 Misc 3d 150[A], 2018 NY Slip Op 50086[U], *3 [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]). Viewing the overall record, we find that counsel provided a
vigorous and cogent trial strategy, effectively cross-examined the People's witness and presented
a legitimate defense, thereby providing defendant with meaningful and effective representation
under both the state and federal standards (see People v Caban, 5 NY3d at 152;
Strickland v Washington, 466 US 668 [1984]).
Defendant's remaining contentions are either without merit or unpreserved for appellate
review. We note that a "motion pursuant to CPL 330.30 does not preserve for . . . review a
contention that is not otherwise preserved" (People v Calkins, 1 AD3d 1021, 1022 [2003]; see People v Callistro, 146 AD3d
795, 797 [2017]; People v
Boley, 116 AD3d 965, 966 [2014]).
Accordingly, the judgments of conviction are affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 29, 2021